# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-0169-WS-C |
| ) | |
| WILBER JACKSON, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## ORDER

    This action comes before the Court on the Government's Motion for Final Order of Forfeiture as to 138 Dallas County Road 865, Orrville, Alabama (doc. 263), and on the Petition in Opposition (doc. 264) filed by third-party claimants Lorenzo Scott, Beonza Jackson and Ledell Jackson (collectively, "Claimants"). Both sides having received a full opportunity to be heard on the Motion and Petition, the matters presented therein are now ripe for disposition.

**I.    Relevant Background.**

    Defendants Wilber Jackson, Emma Jackson, and Wendell Jackson all entered guilty pleas to certain controlled substance charges back in 2005 and 2006. Pursuant to those guilty pleas, all three defendants confessed forfeiture of, or otherwise disclaimed interest in, certain real property found at 138 Dallas County Road 865, Orrville, Alabama (the "Property"). Those defendants were sentenced in November 2005 and May 2006. None of the three defendants purport to retain any interest in the Property at this time. Claimants cannot and do not attempt to resuscitate any defendant's interest in the Property.

    On March 3, 2011, the Government filed its Motion seeking entry of a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) as to all third-party interests in the Property. The interests in question, assuming they exist at all, are held by the Claimants, each of whom is named (along with the three defendants) as an owner of the Property on a warranty deed dated June 4, 1992. (*See* doc. 263, Attachment 1.)[1] In its Motion, the Government asserts that the

---

[1] A seventh individual, Willie James Jackson, is also listed as an owner of the Property on the warranty deed. Willie James Jackson has not appeared in this action and has not
(Continued)

Claimants' right to be heard on this matter expired as a matter of law back in 2006, when they failed to file a timely petition for hearing to adjudicate the validity of their interests in the Property within 30 days after final publication of notice, as required by 21 U.S.C. § 853(n)(2).

On March 16, 2011, Claimants, by and through their counsel of record, filed their Petition opposing the Government's Motion. According to Claimants, no final order of forfeiture should be entered because they are lawful owners of that Property who have engaged in no wrongdoing and who have peacefully possessed the Property for the last 19 years. Claimants further maintain that the Government's Motion is improper because the Government did not pursue a civil forfeiture action and unreasonably delayed seeking an order cutting off third-party interests in the Property.

On April 12, 2011, the undersigned entered an Order (doc. 265) directing the parties to submit supplemental briefs and replies concerning the relevant legal issues on or before May 3, 2011. Said briefing period having now concluded, these matters are properly taken under submission at this time. The Court's review of the parties' filings does not reveal any disputed issue of fact that might warrant an evidentiary hearing.

**II.    Analysis.**

There can be no doubt that the Property at issue is subject to forfeiture. Indeed, any person convicted of a controlled substance violation punishable by more than one year of imprisonment "shall forfeit to the United States … any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a)(2). None of the three defendants contested forfeiture of this Property under this provision. Nor do Claimants challenge the validity of the defendants' forfeiture of their own interests in the Property.

Notwithstanding the proper, valid forfeiture of the defendants' rights in the Property, third parties such as Claimants are not automatically divested of their interest in same. Rather, "[t]o protect non-party petitioners who may have an interest in the property subject to forfeiture, 21 U.S.C. section 853(n) and Federal Rule of Criminal Procedure 32.2 describe the procedures

---

opposed the Government's request for entry of a final order of forfeiture, despite the fact that the Government served him with a copy of its Motion on March 3, 2011.

-2-

by which a non-party petitioner may assert its property interests in an ancillary proceeding before the forfeiture becomes final." *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010); *see also United States v. Shefton*, 548 F.3d 1360, 1363 (11th Cir. 2008) ("Section 853(n) establishes a procedure for third parties who claim an interest in forfeited property to avoid its forfeiture."). The application of those specific procedures to Claimants is of paramount importance to resolving their Petition, on the one hand, and the Government's Motion for Final Order of Forfeiture, on the other.

By statute, the Government "shall publish notice of the order [of forfeiture] and of its intent to dispose of the property in such manner as the Attorney General may direct." 21 U.S.C. § 853(n)(1).[2] Following publication of notice, § 853(n)(2) "establishes a thirty-day window during which any third parties who wish to assert an interest in criminally forfeited property must file a petition for a hearing." *United States v. Marion*, 562 F.3d 1330, 1335-36 (11th Cir. 2009); *see also United States v. Soreide*, 461 F.3d 1351, 1355 (11th Cir. 2006) ("The criminal forfeiture statute allows third parties to assert their interests in properties subject to forfeiture through the filing of a sworn petition, within thirty days of the publication of the impending forfeiture or of the third party actually receiving notice of the impending forfeiture, whichever is earlier."). "The failure to file a petition within this thirty-day time period extinguishes a third party's interests." *Marion*, 562 F.3d at 1339; *see also United States v. Metsch & Metsch, P.A.*, 2006 WL 1785338, *1 (11th Cir. June 29, 2006) (where third party failed to file a petition for ancillary proceeding within 30 days after publication of notice of forfeiture, "any interest it may have had in the [property] has been extinguished"); *United States v. Muckle*, 709 F. Supp.2d

---

[2] Notably, this statute does not mandate that direct notice be given to known third party claimants; rather, it provides only that "[t]he Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified." § 853(n)(1). Although Rule 32.2(b)(6)(A), Fed.R.Crim.P., now requires direct notice to any person who reasonably appears to be a potential claimant with standing to contest forfeiture, that provision went into effect on December 1, 2009, more than three years after notice was given in this case. Claimants have not argued, and cannot reasonably argue, that the Government's notice obligations to them are governed by the December 2009 iteration of Rule 32.2(b)(6)(A). *See, e.g., United States v. Muckle*, 709 F. Supp.2d 1371, 1373 (M.D. Ga. 2010) ("Prior to the December 2009 amendment, Rule 32.2 did not include any directions regarding notice to potential third-party claimants.").

1371, 1372 (M.D. Ga. 2010) ("the time requirements of Section 853(n)(2) are mandatory and … a third party who fails to file a petition within the prescribed thirty days forfeits her interest in the property") (citation and internal quotation marks omitted).

The Government's argument in favor of forfeiture is straightforward. Specifically, the Government shows that it provided notice of forfeiture through three distinct mechanisms. First, the Government published notice in *The Mobile Register*, announcing both the preliminary order of forfeiture and its intention to dispose of the forfeited property.[3] The publication dates of that notice were June 12, 13, 14, 19, 20, and 21, 2006. (Doc. 267, Att. 1; doc. 189.) Second, the United States Marshal Service physically posted the preliminary order of forfeiture on the front door (which appeared to be the main entrance) of the residence located at the Property at 10:30 a.m. on July 28, 2006, in such a manner that it would have been readily visible to anyone entering or approaching the residence. (Doc. 267, Att. 2, ¶ 3.) Third, on that same day, the Marshal Service delivered copies of the preliminary order of forfeiture to both the Dallas County Probate Court and the Dallas County Tax Assessor. (*Id.*, ¶¶ 4-5.)[4] The Claimants did not file a petition or otherwise appear or respond in this action until March 16, 2011, more than four and a half years after notice was given. Because the Claimants did not come forward and file the requisite petition under § 853(n)(2) within 30 days after publication and posting of notice, the Government contends, the Claimants' interest in the Property was extinguished back in 2006 by operation of law.

In response, Claimants proffer a pair of counterarguments. First, they challenge the sufficiency of the Government's notice to them, insisting that "they were entitled to personal notice," rather than simply publication notice, of the impending forfeiture. (Doc. 266, at 3.) But

---

[3] The Court takes judicial notice that *The Mobile Register* (or, as it is now known, *The Press-Register*) is a newspaper of general circulation within the Southern District of Alabama.

[4] The display and delivery of the preliminary order of forfeiture at those locations is significant because that document stated, in relevant part, as follows: (i) the defendants' interest in the Property was forfeited to the United States; (ii) any third party having or claiming legal interest in the Property must file a petition within 30 days of final publication of notice or their receipt of actual notice, whichever is earlier; and (iii) if no third parties file such a petition, then the United States shall have clear title to the Property following expiration of that 30-day period. (*See* doc. 129.)

Claimants' contention proceeds from a false premise. The uncontroverted evidence is that the Government did not merely provide them with publication notice, but also posted actual notice at the Property. If, as Claimants represent to this Court, they "have been in peaceful possession of the referenced property for the past nineteen (19) years" (doc. 264, ¶ 3), then they must have known about the order of forfeiture posted on its front door in July 2006. Claimants do not deny (much less present evidence showing) that they did not receive actual notice via that mechanism.[5] More fundamentally, nothing in the text of § 853(n) or the then-operative Rule 32.2 obliged the Government to give Claimants more or different notice than it did. On its face, § 853(n) provided only that the Government "***may*** also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property." 21 U.S.C. § 853(n)(1) (emphasis added). "May" cannot reasonably be interpreted as "must." *See, e.g., United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009) ("We interpret a statute in a manner consistent with the plain language of the statute, unless doing so would lead to an absurd result."). So neither § 853(n) nor Rule 32.2 bolsters Claimants' theory of inadequate notice.

Even under a fallback due-process analysis (which Claimants have not invoked), the Supreme Court has explained that notice is sufficient to comport with due process where said notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (citation omitted); *see also United States v. Robinson*, 434 F.3d 357, 366 (5th Cir. 2005) ("Due process does not require actual notice or actual receipt of notice."). The Court finds that the Government's actions of publishing notice in a newspaper of general circulation, physically posting notice at a conspicuous location on the Property, and delivering notice to probate and tax assessor authorities were reasonably calculated to apprise Claimants of the pending forfeiture proceedings

---

[5] The relevant briefing schedule specifically afforded Claimants a reasonable opportunity to be heard in response to the Government's submission. In lieu of rebutting the Government's showing of notice, however, Claimants elected to be silent. Thus, Claimants have never challenged the Government's evidence that actual notice was provided via posting the preliminary order of forfeiture on the Property's front door. Nor have they made any argument or showing that the Government's posting of notice in this manner was inadequate to notify them of the impending forfeiture of the Property and their obligation to file a petition promptly to safeguard their interests.

and their limited window of opportunity to present objections; therefore, there is no due process problem here, even if Claimants were raising such an argument.[6]

Second, Claimants argue that the Government is not entitled to a final order of forfeiture because "the Government has sat on their rights," such that "they should be barred by the applicable statute of limitations or latches [*sic*]." (Doc. 266, at 4.) It is true, of course, that the Government tarried from June/July 2006 (when notice of forfeiture was given) until March 3, 2011 before seeking entry of a final order of forfeiture as to the Property. The Government has not attempted to explain or justify this four-plus year delay. But Claimants have not shown that this time lapse prohibits the Government from obtaining a final order of forfeiture at this time. Although the briefing schedule expressly directed the parties to cite supporting legal authority, Claimants do not point to a single case, treatise or other authority suggesting that the Government's efforts to obtain a final order of forfeiture are somehow time-barred in these circumstances. The Court will not develop Claimants' arguments for them.

At any rate, the law is clear that Claimants' rights to the Property were extinguished by operation of law -- without the need for the Government to act affirmatively -- as soon as the 30-day period for filing a petition expired. *See* 21 U.S.C. § 853(n)(7) ("if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions,

---

[6] In its Order (doc. 265) establishing a briefing schedule in this matter, the Court directed the parties to submit legal authority in support of their respective positions. The only authority that Claimants cite on the notice issue is *United States v. Bouler*, 927 F. Supp. 911 (W.D.N.C. 1996). In *Bouler* (incorrectly referred to as "*Boulder*" and cited to an incorrect volume of F. Supp. in Claimants' brief), a district judge in North Carolina opined that "[a]lthough the question is a close one, the Court believes that the notice procedures set forth in 19 U.S.C. § 1607(a) apply to forfeitures under § 853." *Id.* at 915. However, *Bouler* appears not to have been embraced by any court in this Circuit in the last 15 years. More importantly, courts applying § 1607(a) have explained that it does not require actual notice, but only notice reasonably calculated to apprise the person of the action's pendency (*i.e.*, the due process test). *See, e.g., Taylor v. United States*, 483 F.3d 385 (5th Cir. 2007) (in forfeiture proceeding under § 1607, relevant question as to notice is whether it was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (citation omitted); *United States v. Puig*, 419 F.3d 700, 704 n.4 (8th Cir. 2005) ("actual notice is not necessary to satisfy § 1607's mandatory notice provision"). The Court has already found that the Government satisfied the "reasonably calculated" standard in attempting to notify third parties of this forfeiture proceeding, and Claimants have not articulated facts or legal argument that might support a contrary conclusion.

the United States shall have clear title to property that is the subject of the order of forfeiture"); *Marion*, 562 F.3d at 1339 ("The failure to file a petition within this thirty-day time period extinguishes a third party's interests."); *United States v. Gilbert*, 244 F.3d 888, 910 (11th Cir. 2001) (in analogous context, "if a third-party does not file a petition in the ancillary proceeding within thirty days of receipt or publication of notice, his rights in the defendant's forfeited property are ***automatically extinguished*** and the government obtains clear title") (emphasis added). In other words, the Government received clear title to the Property back in July/August 2006 as a matter of law. Its Motion for Final Order of Forfeiture is a mere formality to memorialize that which has already occurred by operation of § 853(n). Once Claimants failed to file their petition within 30 days after notice was given them, their rights in the Property were extinguished, without the Government taking any further action or filing any further motions. Given this construction of the forfeiture statute, concepts of limitations and laches have no bearing here, and cannot bolster Claimants' efforts to thwart forfeiture at this time.

In sum, the Court finds that the Claimants' Petition in Opposition to Motion for Final Order of Forfeiture (doc. 264) is untimely. *See Muckle*, 709 F. Supp.2d at 1375 (a third party's "only opportunity to assert her ownership interest in the seized currency was through the ancillary proceedings prescribed by Section 853(n)," but "her right to proceed in the ancillary proceedings is foreclosed" where she failed to make a timely claim); *United States v. Carmichael*, 440 F. Supp.2d 1280, 1281 (M.D. Ala. 2006) (claimant's petition to validate interest in property pursuant to § 853(n) deemed time-barred where the 30-day period under § 853(n)(2) "is long passed"). Simply put, Claimants' interest in the Property was extinguished back in 2006 when they failed to adhere to the prescribed procedure for protecting their interest in same. As such, they cannot contest entry of a final order of forfeiture at this time.

**III.    Conclusion.**

For all of the foregoing reasons, the Government's Motion for Final Order of Forfeiture (doc. 263) is **granted**. A final order of forfeiture will be entered separately. Insofar as the Claimants' Petition in Opposition to Motion for Final Order of Forfeiture (doc. 264) is intended to be a petition filed under 21 U.S.C. § 853(n)(2), that Petition is **dismissed** as untimely filed.

DONE and ORDERED this 8th day of June, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE